505 S.E.2d 424

**STATE of West Virginia ex rel. OAK CASUALTY INSURANCE COMPANY, Petitioner,**

v.

**The Honorable John L. HENNING, Jr., Judge of the Circuit Court of Randolph County and Stephanie Lee Berrey, Respondents.**

No. 24894.

Supreme Court of Appeals of West Virginia.

Submitted March 24, 1998.

Decided July 2, 1998.

E. Kay Fuller, Martin & Seibert, L.C., Martinsburg, for Petitioner.

Cynthia S. Gustke, Elkins, for Respondent Berrey.

PER CURIAM: [1]

The petitioner/plaintiff below, Oak Casualty Insurance Company (hereinafter Oak Casualty), has invoked the original jurisdiction of this Court, seeking a writ of prohibition against the respondent, the Honorable Judge John L. Henning, Jr., of the Circuit Court of Randolph County and the respondent/defendant below, Stephanie Lee Berrey (hereinafter Berrey). Specifically, Oak Casualty requests this Court prohibit the circuit court from allowing Berrey to litigate her third-party bad faith counterclaim simultaneously with Oak Casualty's action against Ms. Ber-

rey. After reviewing the parties' arguments and the record below, we grant the writ.

## I.

### FACTUAL BACKGROUND

This matter evolves from a January 26, 1996, automobile accident between Berrey and Mr. Stephen Clemens. At the time of the accident Berrey was driving an uninsured vehicle. Mr. Clemens' vehicle was insured by Oak Casualty. Oak Casualty compensated Mr. Clemens for injuries and damages resulting from the accident pursuant to the uninsured motorist provisions of Oak Casualty's policy. Thereafter, Oak Casualty exercised its subrogation rights by initially seeking payment from Berrey without initiating any legal action for the monies Oak Casualty paid to Mr. Clemens.[2] When informal attempts to recover the money failed, Oak Casualty instituted this action against Berrey.

Berrey filed an answer and a counterclaim against Oak Casualty. Berrey alleged in her counterclaim that Oak Casualty engaged in unreasonable conduct in its initial attempt to recoup monies paid to Mr. Clemens. The counterclaim also appears to have alleged bad faith against Oak Casualty for the amount of money paid to Mr. Clemens.[3]

Oak Casualty motioned the trial court to bifurcate Berrey's third-party bad faith counterclaim. Further, Oak Casualty sought to prohibit discovery on the alleged bad faith counterclaim until final judgment had been rendered in its action against Berrey. The trial court denied Oak Casualty's motion. Oak Casualty instituted this prohibition proceeding seeking to have this Court order bifurcation of the actions and stay discovery.

## II.

### STANDARD OF REVIEW

This Court addressed the standard for determining the appropriateness of a writ of

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. Oak Casualty sought to recover $8,000 from Berrey.

3. The record does not contain Berrey's counterclaim. This Court is relying upon the representations in the parties' briefs as to the actual allegations contained in the counterclaim.

 

prohibition in syllabus point 1 of *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979):

> In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

*See also* Syl. Pt. 1, *State ex rel. U.S. Fidelity & Guar. Co. v. Canady,* 194 W.Va. 431, 460 S.E.2d 677 (1995).

## III.

### DISCUSSION

 All briefs filed indicate that Berrey has instituted a third-party bad faith action against Oak Casualty.[4] In view of our decision regarding third-party bad faith claims in *State ex rel. State Farm Fire & Cas. Co. v. Madden,* 192 W.Va. 155, 451 S.E.2d 721 (1994), bifurcation and stay of a third-party claim are mandatory. Therefore, Oak Casualty is entitled to bifurcation and stay of the third-party claim. The circuit court is prohibited from requiring a unitary trial of Oak Casualty's action against Berrey and Berrey's third party bad faith counterclaim against Oak Casualty. Additionally, *Madden* requires a stay of discovery on a third-party bad faith claim. The circuit court is therefore prohibited from requiring discovery on the bad faith claim prior to resolution of Oak Casualty's action against Berrey.

4. The decision in this proceeding does not express an opinion as to whether or not the conduct alleged in the parties' briefs is legally cognizable to sustain a bad faith action under the general bad faith statute, W.Va.Code § 33–11–4 (1985). See also, Syl., *Elmore v. State Farm*

## IV.

### CONCLUSION

In view of the foregoing, the writ is granted.

Writ Granted.

*Mutual Automobile Insurance Co.,* —— W.Va. ——, 504 S.E.2d 893 (1998) ("A third party has no cause of action against an insurance carrier for common law breach of the implied covenant of good faith and fair dealing or for common law breach of fiduciary duty").